IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RACHEL STANTIESKI,<br><br>        Defendant. | 4:22-CR-3133-JMG-CRZ<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, United States Attorney and Jody Mullis, Assistant United States Attorney, and defendant, Rachel Stantieski, and Mona Burton, counsel for defendant, as follows:

I

**THE PLEA**

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count Nine of the Indictment. Count Nine charges a violation of Title 18, United States Code, Sections 924(a)(1)(A), 922(a)(6), and 371.

B.    In exchange for defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.    The United States agrees to dismiss Counts Six, Seven, and Eight as to defendant Stantieski at the time of sentencing.

    2.    The United States agrees that defendant Stantieski will not be federally prosecuted in the District of Nebraska for crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

# II
# NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

**Count Nine: Conspiracy To Violate Federal Firearms Laws**

1. Two or more people reached an agreement to commit the crimes of making a false statement to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A) and making false statements in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6);

2. The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

3. At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

4. While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Not later than about May 10, 2022, and continuing until about August 24, 2022, in the District of Nebraska and elsewhere, defendant Rachel D. Stanteiski ("Stanteiski") and Eric Eggers ("Eggers"), knowingly and intentionally conspired with each other and with others known and unknown to commit offenses against the United States, specifically, (1) knowingly making false statements or representations with respect to information required to be kept by Sappa Creek Gunsmithing, a federal firearms licensee located in Oxford, Nebraska, in violation of Title 18, United States Code, Section 924(a)(l)(A); and (2) in connection with the acquisition or attempted acquisition of any firearm or ammunition from Sappa Creek Gunsmithing, knowingly making a false oral or written statement, intended or likely to deceive Sappa Creek

Gunsmithing with respect to any fact material to the lawfulness of the sale of such firearm or ammunition in violation of Title 18, United States Code, Section 922(a)(6).

2. It was part of the conspiracy that Stanteiski made false statements in connection with the acquisition or attempted acquisition of firearms from Sappa Creek Gunsmithing, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, which statements were intended and likely to deceive Sappa Creek Gunsmithing as to a fact material to the lawfulness of the sale of each of the respective firearms.

3. It was part of the conspiracy that Stanteiski made false statements and representations in the forms that Sappa Creek Gunsmithing was required to keep in connection with the sale of each respective firearm, to wit: ATF Form 4473's.

4. It was part of the conspiracy that defendant Stanteiski made false statements and representations on ATF Form 4473's to obtain firearms for Eggers, who is a prohibited person and unable to purchase firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, including Sappa Creek Gunsmithing.

5. As part of the conspiracy, on or about May 7, 2022, Stanteiski went to Sappa Creek Gunsmithing, completed ATF Form 4473 regarding a Charter Arms 38 SPL, with serial number 21J05479, lied on question 21(a) and stated she was the actual buyer of the firearm, and obtained the firearm for Eggers. On or about July 12, 2022, Eggers brought the firearm back to Sappa Creek Gunsmithing for repairs.

6. As part of the conspiracy, on or about May 10, 2022, Eggers ordered from Sappa Creek Gunsmithing a Rock Island Armory, Baby Rock 380 ACP pistol, with serial number RIA2509429, and Stanteiski later went to Sappa Creek Gunsmithing, completed ATF Form 4473 regarding the firearm, lied on question 21(a) and stated she was the actual buyer of the firearm, and obtained the firearm for Eggers.

7. As part of the conspiracy, on or about May 17, 2022, Stanteiski went to Sappa Creek Gunsmithing, completed ATF Form 4473 regarding a Kimber, Eclipse Custom, 10 mm handgun, with serial number KF48591, lied on question 21(a) and stated she was the actual buyer of the firearm, and obtained the firearm for defendant Eggers. On or about July 5, 2022, Eggers brought the firearm back to Sappa Creek Gunsmithing for repairs.

8. As part of the conspiracy, on or about July 9, 2022, Stanteiski went to Sappa Creek Gunsmithing, completed ATF Form 4473 regarding a Heritage Manufacturing, Rough Rider

handgun, with serial number 3PH036769, lied on question 21(a) and stated she was the actual buyer of the firearm, obtained the firearm for Eggers, and the firearm was paid for using the Mastercard ending in -7788.

9. As part of the conspiracy, on or about August 2, 2022, Eggersordered from Sappa Creek Gunsmithing a Radical Arms RF-15, 5.56 mm rifle, with serial number 20-042680, and Stanteiski later went to Sappa Creek Gunsmithing, completed ATF Form 4473 regarding the firearm, lied on question 21(a) and stated she was the actual buyer of the firearm, and obtained the firearm for Eggers.

## III

## PENALTIES

A.  **COUNT NINE.** Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum of 5 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100;
4. A term of supervised release of not more than 2 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and
5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V
## SENTENCING ISSUES

A. **SENTENCING AGREEMENTS.**

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B. **ACCEPTANCE OF RESPONSIBILITY.**

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. **ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).**

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such

5

downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

E.   STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

F.   RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that the defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

5/5/2023
Date

JODY MULLIS
ASSISTANT U.S. ATTORNEY

5-3-23
Date

RACHEL STANTIESKI
DEFENDANT

5-5-23
Date

MONA BURTON
COUNSEL FOR DEFENDANT

9