IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3133 |
| vs. | |
| RACHEL D. STANTEISKI, | ORDER |
| Defendant. | |

The defendant has filed a sentencing memorandum stating that she "filed a Motion for Downward Departure." Filing 81. In fact, she did not—she filed a motion for downward *variance* (filing 78), which is a different thing. *See United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). And the defendant bears the burden of proving the appropriateness of a downward departure. *See United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993).

Nonetheless, extraordinary family circumstances, *i.e.*, outside of the "heartland" of cases the Guidelines were intended to cover, can be the basis for a downward departure. *United States v. Haversat*, 22 F.3d 790, 797 (8th Cir. 1994); *see United States v. Bueno*, 549 F.3d 1176, 1181 (8th Cir. 2008). Specifically, a departure under U.S.S.G. § 5H1.6 requires the Court to consider the seriousness of the offense, the involvement (if any) of the defendant's family in the offense, and the danger (if any) to the defendant's family as a result of the offense, and requires the defendant to show:

> **(i)** The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific

> loss of essential caretaking, or essential financial support, to the defendant's family.
>
> **(ii)** The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
>
> **(iii)** The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
>
> **(iv)** The departure effectively will address the loss of caretaking or financial support.

*Id.*, cmt. n. 1. With those principles in mind, IT IS ORDERED:

The Court will take up the defendant's motion for departure (filing 81) at sentencing.

Dated this 24th day of July, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -